

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| PHILLIP MITCHELL BUTLER and <br> CHARLES GENE BUTLER, <br>     Plaintiffs, <br><br> vs. <br><br> SERGEANT KATLYN M. PLATT <br> and JEROME FELDER, <br>     Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No.: 5:24-3187-MGL |

**ORDER ADOPTING THE REPORTS AND RECOMMENDATIONS
AND DISMISSING THIS CASE**

    Plaintiffs Phillip Mitchell Butler (Phillip) and Charles Gene Butler (Charles), who are representing themselves, filed this civil action against Defendants Sergeant Katlyn M. Platt (Platt) and Jerome Felder (Felder).  Because Charles failed to sign the complaint or otherwise file any documents with the Court, the Court will dismiss him as a Plaintiff.  *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented.").

    This matter is before the Court for review of the two Reports and Recommendations (collectively, Reports) of the United States Magistrate Judge, which were made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.  In the first Report (Report I), the Magistrate Judge suggests the Court summarily dismiss Phillip's claim against Platt without prejudice for failure to state a claim.  And, in the second Report (Report II), the Magistrate

Judge proposes the Court dismiss Phillip's claim against Felder with prejudice for lack of prosecution.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed Report I on November 25, 2024. Phillip filed his objections on December 5, 2024. The Court has reviewed the objections but holds them to be without merit. It will therefore enter judgment accordingly.

Here, Phillip has failed to present any specific objections to Report I. Phillip's objections amount to general disagreements with Report I's findings and merely repeat allegations the Magistrate Judge properly considered and addressed. To the extent Phillip has brought any new arguments in his objections, they are conclusory and so lacking in merit as to make any discussion of them unnecessary. Nonetheless, in an abundance of caution, the Court has reviewed Report I and the record de novo. Suffice it to say, the Court agrees with the Magistrate Judge's treatment of Phillip's claim against Platt in Report I. Therefore, the Court will overrule Phillip's objections.

Further, inasmuch as the Magistrate Judge warned Phillip of the consequences of failing to file specific objections, Report I at 5, he has waived appellate review. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991) (holding general objections are insufficient to preserve appellate review).

The Court will now consider Report II.

The Magistrate Judge filed Report II on October 22, 2025. To date, the parties have failed to file any objections.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review[] but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). As above, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

Accordingly, the Court need only review Report II, to which neither party objects, for clear error. Having done so, the Court is unable to discern any clear error in the Magistrate Judge's recommendation the Court dismiss Phillip's claim against Felder with prejudice.

Thus, after a thorough review of the Reports and record in this case under the standards set forth above, the Court overrules Phillip's objections, adopts the Reports, and incorporates them herein. It is therefore the judgment of the Court Charles is **DISMISSED** from this action, Phillip's claim against Platt is summarily **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, and Phillip's claim against Felder is **DISMISSED WITH PREJUDICE** for lack of prosecution.

**IT IS SO ORDERED.**

Signed this 25th day of November 2025, in Columbia, South Carolina.

> s/ Mary Geiger Lewis
> MARY GEIGER LEWIS
> UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of their right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.